E-FILED\nThursday, 23 May, 2019 04:07:08 PM\nClerk, U.S. District Court, ILCD

E-FILED
Thursday, 23 May, 2019  04:07:08 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 07-cr-20047 |
| ROBERT L. BROOKS, | ) ) ) | |
| Defendant. | ) | |

## ORDER AND OPINION

This matter comes before the Court on Mr. Brooks' Motion (Doc. 45) for Reduced Sentence Under Section 404(b) of the First Step Act. The government agrees that Defendant is eligible for a reduced sentence, but disputes Defendant's requested sentence reduction. Doc. 47. This Order follows.

The Fair Sentencing Act of 2010 ("FSA") amended 21 U.S.C. § 841(b)(1)(A) and (b)(1)(B) to increase the amount of crack cocaine a violation of 21 U.S.C. § 841(a) must involve to trigger mandatory minimums and accompanying statutory maximum sentences. Prior to the FSA, an offense involving 50 grams or more of crack cocaine triggered a 10-year mandatory minimum sentence, while an offense involving 5 grams triggered a 5-year mandatory minimum. Section 2 of the FSA amended § 841(b)(1)(A)(iii) by striking 50 grams and inserting 280 grams. It also amended § 841(b)(1)(B)(iii) by striking 5 grams from § 841(b)(1)(B)(iii) and inserting 28 grams. The FSA did not apply retroactively to defendants sentenced prior to August 3, 2010.

Section 404 of the First Step Act makes those changes retroactive. Section 404(a) defines a covered offense as a violation of a federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010. Section 404(b) then states "a

court that imposed a sentence for a covered offense may … impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed."

The parties agree that Mr. Brooks is eligible for relief under the First Step Act because he was convicted of a covered offense that he committed before August 3, 2010. Mr. Brooks was originally sentenced to 262 months plus a 12-month consecutive sentence under 18 U.S.C. § 3147, with an 8-year term of supervised release. As recalculated, Mr. Brooks has an amended base offense level of 24, amended total offense level of 31, amended Criminal History Category VI, amended range of 188–235 months plus 12 consecutive months under § 3147, amended mandatory minimum of zero, and an amended term of supervised release of 6 years.

Both parties agree that Mr. Brooks' term of supervised released should be reduced to 6 years regardless of the possible reduction to his sentence. Mr. Brooks argues that his sentence should be reduced to 132 months considering the changes to the guidelines, his extensive work and educational experience while incarcerated, and the fact that his guidelines range if he were not sentenced as a "drug trafficking only" career offender would be 77–96 months. Doc. 45, pp. 7–9. The government argues that Mr. Brooks' sentence should be reduced to 188 months with the consecutive 12-month sentence, or 200 months total.

Upon review of the record, this Court finds that a sentence reduction in this case is warranted. Mr. Brooks' original sentence of 262 months and 12 consecutive months was at the bottom of the guidelines range—the Court will likewise reduce his sentence to meet the bottom of the amended guidelines range. The Court therefore reduces Mr. Brooks' sentence to 188 months with a 12-month consecutive sentence under § 3147, and reduces his supervised release term to 6 years, with the same conditions as previously imposed.

## CONCLUSION

For the reasons set forth above, Mr. Brooks' Motion (Doc. 45) for Reduced Sentence Under Section 404(b) of the First Step Act is GRANTED. Mr. Brooks' Motion (Doc. 41) to Reduce Sentence is MOOT pursuant to this Order.

Signed on this 23rd day of May, 2019,

/s James E. Shadid
James E. Shadid
United States District Judge